IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE LORD'S CO. OF ORLANDO, INC., <br><br> Defendant. | CIV. NO.: 13-1655(SCC) |

**ORDER**

Defendant in this case, The Lord's Company of Orlando, doing business as Kellyco, has filed a motion to dismiss the patent complaint against it for lack of personal jurisdiction. Docket No. 33. Plaintiff Ingeniador opposes the motion principally on the grounds that Kellyco maintains a highly interactive infringing website by which Kellyco may make sales to Puerto Rico. Recently, in another patent case involving the same plaintiff, I had occasion to consider much the same question, *see Ingeniador, LLC v. Jeffers, Inc.*, Civ. No. 13-1654,

| INGENIADOR v. THE LORD'S CO. | Page 2 |
|---|---:|

2014 WL 2918586 (D.P.R. June 26, 2014), and I think the discussion of the relevant law in that case is useful here as well.

In *Jeffers*, I described the Federal Circuit's opinion in *Trintec Industries*. *Id.* at *2 (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275 (Fed. Cir. 2005)). There, the Federal Circuit held that a website "available to all customers throughout the country" does not specifically target any particular forum. *Trintec Indus.*, 395 F.3d at 1281 (internal quotations omitted). Considering the seminal case of *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Penn. 1997), the *Trintec* court held that its applicability turned on "whether and how often the website's interactive sales features had been used in the jurisdiction." *Jeffers*, 2014 WL 2918586, at *2 (citing *Trintec Indus.*, 395 F.3d at 1281). I also discussed the Northern District of Illinois's opinion in *Original Creations*, which held that "the Federal Circuit will not find that mere allegations of potential, but as-yet-unquantified, sales to forum residents via a defendant's website are sufficient to support an exercise of personal jurisdiction." *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d 711, 715 (N.D. Ill. 2011), *quoted by*, *Jeffers*, 2014 WL 2918586, at *2 n.5. *Original Creations* thus suggests that a very small number of website-originated sales into a forum

state will not satisfy the Federal Circuit's personal jurisdiction test. *See id.* at 716.

With this discussion as background, I find that I cannot determine from the record before me whether personal jurisdiction exists over Kellyco. In particular, I find that because it is Kellyco's website—not its products—that allgedly infringes Ingeniador's patents, it is important to know exactly how many website-originated sales have been consummated in Puerto Rico. But the record speaks only of gross sales to Puerto Rico, without any mention of the website. Rather than open a period of jurisdictional discovery, I think the simpler course is to order Kellyco to file an affidavit containing the following information:

(1) The total number of website-originated sales made into Puerto Rico since October 15, 2011;

(2) The total number of sales made into Puerto Rico since October 15, 2011;

(3) The revenue generated by the sales mentioned in categories (1) and (2);

(4) Data on total revenue and sales since October 15, 2011; and

(5) Information regarding what percentage of Kellyco's

| | |
|---|---:|
| INGENIADOR v. THE LORD'S CO. | Page 4 |

sales and revenue come from website-originated sales, as opposed to sales made by other means, such as authorized agents.

Kellyco shall file an affidavit containing this information by September 30, 2014.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of September, 2014.

   S/ SILVIA CARREÑO-COLL
   UNITED STATES MAGISTRATE JUDGE