IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADOR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE LORD'S CO. OF ORLANDO, INC.,<br><br>Defendant. | CIV. NO.: 13-1655(SCC) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant The Lord's Company of Orlando's motion to dismiss for lack of personal jurisdiction and for failure to state a claim. Docket No. 33. I now deny that motion.

**I. Personal Jurisdiction**

In another patent case brought by the same plaintiff, I recently had occasion to consider much the same jurisdictional question as is presented here. *See Ingeniador, LLC v. Jeffers, Inc.*, Civ. No. 13-1654(SCC), 2014 WL 2918586 (D.P.R. June 26, 2014).

INGENIADOR v. THE LORD'S CO. Page 2

Essentially, the question before the Court is whether The Lord's Co. has sufficient contacts with Puerto Rico for this Court to exercise specific personal jurisdiction. To help assess that question, I recently ordered The Lord's Co. to submit an affidavit regarding its sales here, Docket No. 46, which it has done, Docket No. 48-1.

Ingeniador holds U.S. Patent No. 7,895,127 (the "'127 patent"), which teaches a rating-based method of sorting and displaying reviews, including on websites. The Lord's Co. maintains a website via which customers can purchase metal detectors and other products; according to Ingeniador, this website displays customer reviews in a way that infringes the '127 patent. According to The Lord's Co., between October 15, 2011, and September 15, 2014, fifteen sales have been made by customers residing in or having their products shipped to Puerto Rico, generating a total revenue of $13,331.04. Docket No. 48-1, at 1–2. In that same period, The Lord's Co.'s metal detector business, Kellyco, has generated $72.5 million in revenue over some 180,000 sales. This amounts to a minuscule percentage of Kellyco's total sales and revenue: 0.018% of revenue and 0.008% of sales.

The fairly minimal nature of these sales notwithstanding, I

think that specific personal jurisdiction exists here. The basic question I must ask in performing this analysis is: Has The Lord's Co. "purposefully avail[ed] itself of the privileges of conducting activities within" Puerto Rico? *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012). The answer is yes. First, The Lord's Co. maintains a highly interactive, sales-oriented website visible in Puerto Rico. The website, moreover, makes special provisions regarding procedures for shipping to Puerto Rico, indicating that it has specifically targeted this jurisdiction. *Cf. Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757–58 (holding that the defendant's website's exclusion of sales to a single state implied that it had "expressly elected" to do business with the other forty-nine, including the forum state); *Jeffers*, 2014 WL 2918586, at *3 (similar); *EON Corp. IP Holdings v. AT&T Mobility, LLC*, 879 F. Supp. 2d 194, 206 (holding that a website specifically targeted Puerto Rico where it referenced special "process[es] specific to Puerto Rico"). Finally, sales—even if not a great number of them—have been made via the allegedly-infringing website and fulfilled to Puerto Rico. By fulfilling these orders, The Lord's Co. has "reach[ed] out to residents of" Puerto Rico, "creat[ing] the sufficient minimum contacts with [Puerto Rico] that justify exercising

| | |
|---|---:|
| INGENIADOR v. THE LORD'S CO. | Page 4 |

personal jurisdiction over" it here. *Hemi Grp.*, 622 F.3d at 758.

And finally, although I have previously suggested that it might not be possible to predicate specific personal jurisdiction on *de minimis* sales,[1] upon further reflection I believe that the precedent is to the contrary. *Trintec* suggests that "allegations of potential, but as-yet-unquantified sales to forum residents via a defendant's website are [in]sufficient to support an exercise of personal jurisdiction." *Original Creations*, 836 F. Supp. 2d at 715 (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275 (Fed. Cir. 2005)). Here, though, the sales are real, not potential. And under such circumstances, cases like *Hemi Group* suggest that even a fairly small number of sales to a small number of purchasers may create specific personal jurisdiction. *See Hemi Grp.*, 622 F.3d at 756 (finding specific personal jurisdiction on the basis of internet sales of 300 packs of cigarettes to a single buyer). Here, there are more buyers than there were in *Hemi Group*, if fewer items were sold;

---

1. *See* Docket No. 46, at 2–3 (explaining that some cases had "suggest[ed] that a very small number of website-originated sales into a forum state will not satisfy the Federal Circuit's personal jurisdiction test" (citing *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d 711, 715–17 (N.D. Ill. 2011)); *see also Ingeniador, LLC v. Jeffers, Inc.*, 2014 WL 2918586, at *2 n.5 (D.P.R. June 26, 2014) (discussing *Original Creations*).

moreover, the revenue at issue here is likely greater than that in *Hemi Group*. As such, *Hemi Group* suggests that sufficient contacts may exist for an exercise of specific personal jurisdiction. *But see Original Creations*, 836 F. Supp. 2d at 716 (finding no personal jurisdiction where there was a single documented sale, and where the website did not specifically target forum residents). Finding *Hemi Group*'s reasoning persuasive, I follow it, find that The Lord's Co. purposefully availed itself of this forum, and I turn to the remaining prongs of the specific personal jurisdiction analysis.

The first of these asks whether Ingeniador's claim arises out of or is related to The Lord's Co.'s activities directed at Puerto Rico. *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008). As noted above, The Lord's Co. directs its Kellyco website to Puerto Rico for the purposes of making internet sales. The products it sells are displayed on that website, accompanied by the allegedly-infringing customer rating system. The purpose of this system is plainly to help The Lord's Co. sell products. As such, I find that The Lord's Co. "is using the allegedly-infringing service as part of its forum-directed activities, and the test is easily satisfied." *Jeffers*, 2014 WL 2918586, at *3 (citing *Avocent*, 552 F.3d at 1332). As to The

Lord's Co.'s argument that jurisdiction is improper because the servers hosting the website are not in Puerto Rico, I note that a number of courts have held that a defendant's use of an allegedly-infringing website to conduct business in the forum state creates personal jurisdiction as to claims arising from the website. *See, e.g., Audi AG & Volkswagen of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 748 (E.D. Mich. 2004) (holding that personal jurisdiction was proper in a trademark case where the defendant had "solicit[ed] sales through an infringing website" directed at the forum state); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004) ("When a defendant sells its services to subscribers in the forum, or assigns forum residents passwords knowing that the contacts will result in business relationships, courts have asserted jurisdiction based on an infringing website." (internal citations omtited)); *see also Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 552 (E.D. Tex. 2009); *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009); *Variant, Inc. v. Flexsol Packaging Corp.*, Civ. No. 08-478, 2009 WL 3082581, at *2 (E.D. Tex. Sept. 21, 2009); *M. Shanken Commc'ns, Inc. v. Cigar500.com*, Civ. No. 07-7371, 2008 WL 2696168, at *4–6 (S.D.N.Y. July 7, 2008). *But see, e.g., A.W.L.I. Grp., Inc. v. Amber Freight Ship.*

| INGENIADOR v. THE LORD'S CO. | Page 7 |
|---|---|

*Lines*, 828 F. Supp. 2d 557, 571 (E.D.N.Y. 2011) ("Courts have held that, when websites display infringing marks, the tort is committed where the website is created and/or maintained.").[2]

Last, I consider whether "subjecting [The Lord's Co.] to jurisdiction in this forum would be reasonable and fair." *Id.* at *4. Courts consider a number of factors in making this determination. *See, e.g., Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1355 (Fed. Cir. 2003). But ultimately, if a defendant that has "purposefully directed [its] activities at forum residents seeks to defeat jurisdiction, [it] must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). The Lord's Co.'s argument as to this matter focuses principally on the fact that its employees and documents are located wholly outside

---

2. At least one court has noted the conflict between these two lines of cases, hypothesizing that it might be explained by the fact that in cases like *D'Amato*, the alleged infringing website is used "in connection with *commercial internet activity* in" the forum state, while in cases like *A.W.L.I. Group*, there is no such commercial activity. *Yash Raj Films (USA) Inc. v. Dishant.com, LLC*, Civ. No. 08-2715, 2009 WL 4891764, at *7–8 (E.D.N.Y. Dec. 15, 2009).

| INGENIADOR v. THE LORD'S CO. | Page 8 |
|---|---:|

of Puerto Rico. *See* Docket No. 33, at 17.[3] As to this burden argument, however, the Supreme Court explained in *Burger King* that "because 'modern transportation and communications have made it much less burdensome for a party sued to defend [it]self in a State where [it] engages in economic activity,' it will usually not be unfair to subject [it] to the burdens of litigating in another forum for disputes relating to such activity." 471 U.S. at 474 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). In fact, *Burger King* held that it did not offend notions of fair play and substantial justice to force an individual franchisee to litigate in Florida when his residence was in Michigan. *Id.* at 484 (holding that while proceeding in Florida was likely inconvenient, that inconvenience was not "so substantial as to achieve *constitutional* magnitude"). Nothing in The Lord's Co.'s filings suggest that the burden on it is more than is typical in this sort of case, and so I reject its argument that this Court's assertion of jurisdiction would

---

**3.** The Lord's Co. assesses the factors enumerated in *Deprenyl*, but it only argues that one of these factors—the burden on the defendant—strongly supports its argument. *See* Docket no. 33, at 16–18. As to the other factors, The Lord's Co. says that they are neutral or marginally in its favor. *See id.*

offend the Constitution.[4] The Lord's Co.'s motion to dismiss for lack of personal jurisdiction is therefore denied.

## II.  Motion to Dismiss for Failure to State a Claim

In the alternative, The Lord's Co. requests that this case be dismissed for failure to state a claim. Ingeniador's claims is for direct infringement, and its pleadings are sufficient under Form 18 of the Federal Rules of Civil Procedure, which governs claims of direct patent infringement. Nonetheless, The Lord's Co. asks that I follow *Ingeniador, LLC v. Interwoven*, 874 F.

---

4. Citing 28 U.S.C. § 1400(b), The Lord's Co. argues that venue is improper. Section 1400(b) says that in a patent action, venue is appropriate "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." This argument is rejected, however, because the Federal Circuit has held that a corporation's residence, for the purposes of § 1400(b), is controlled by the provisions of 28 U.S.C. § 1391(c), which states that a defendant corporation "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *See Delta Sys., Inc. v. Indak Mfg. Corp.*, 4 F. App'x 857, 859 (Fed. Cir. 2001) (unpublished); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Thus, because I have found that The Lord's Co. is amenable to jurisdiction in Puerto Rico, venue is also proper here. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction.").

| INGENIADOR v. THE LORD'S CO. | Page 10 |
|---|---|

Supp. 2d 56 (D.P.R. 2012), which held patent complaints must be assessed under *Twombly* and *Iqbal*, not under Rule 18.

I decline The Lord Co.'s invitation. As it notes, its motion to dismiss is governed by First Circuit—not Federal Circuit—law. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). *Interwoven* chose not to accept a pleading pursuant to Form 18 because it understood that where a Form conflicted with *Twombly* and *Iqbal*, those cases controlled. 874 F. Supp. 2d at 66 (holding that because *Twombly* and *Iqbal* "applie[d] to all civil cases," their standard governed the plaintiff's "direct infringement claims").[5] After *Interwoven* was decided, however, the First

---

5. I have found nine cases from this circuit considering this question, and *Interwoven* is alone among them in holding that Form 18's standard does not govern. *See Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 54 (D. Mass. 2014) (holding that Form 18 controls); *SCVNGR, Inc. v. eCharge Licensing, LLC*, Civ. No. 13-12418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014) (same); *Zond, LLC v. Renesas Elecs. Corp.*, Civ. No. 13-11625, 2014 WL 4161348 (D. Mass. Aug. 15, 2014) (same); *Zond, LLC v. Toshiba Corp.*, Civ. No. 13-11581, 2014 WL 4056024 (D. Mass. Aug. 14, 2014) (same); *Zond, Inc. v. SK Hynix Inc.*, Civ. No. 13-11591, 2014 WL 346008 (D. Mass. Jan. 31, 2014) (same); *Select Retrieval, LLC v. Bulbs.com Inc.*, Civ. No. 12-10389, 2012 WL 6045942 (D. Mass. Dec. 4, 2012) (same); *Select Retrieval, LLC v. L.L. Bean, Inc.*, Civ. No. 12-0003, 2012 WL 5381503 (D. Me. Oct. 31, 2012) (same); *InvestmentSignals, LLC v. Irrisoft, Inc.*, Civ. No. 10-600, 2011 WL 3320525 (D.N.H. Aug. 1,

| | |
|---|---:|
| INGENIADOR v. THE LORD'S CO. | Page 11 |

Circuit expressly held that "the standard announced in *Twombly* and *Iqbal* does not undermine the viability of the federal forms as long as there are sufficient facts alleged in the complaint to make the claim plausible." *Garcia-Catalan v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). In reaching this holding, the First Circuit made reference to Rule 84, "which declares that '[t]he forms in the Appendix suffice.'" *Id.* (quoting Fed. R. Civ. P. 84). It further held that "[h]onoring Rule 84 is, in turn, consistent with the Supreme Court's instruction that the Civil Rules may not be amended by 'judicial interpretation.'" *Id.* (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)).

More to the point, the First Circuit, in holding that the Forms retain their viability after *Twombly* and *Iqbal*, relied on a case from the Federal Circuit reaching the same conclusion with respect to Form 18. *Id.* (citing *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283–84 (Fed. Cir. 2013)). That case held that Form 18 remains viable and that it, moreover, puts the "potential infringer" on "notice of what activity

---

2011) (same). That said, some courts have come to the same conclusion as did *Interwoven*. *See, e.g., Macronix Int'l Co., Ltd. v. Spansion, Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014).

or device is being accused of infringement." *K-Tech*, 714 F.3d at 1284; *see also In re Bill of Lading*, 681 F.3d at 1333–35 (similar); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–57 (Fed. Cir. 2007) (similar). It is plain, then, that the Federal Circuit has held that pleadings under Form 18 suffice to state a valid claim, and the First Circuit has endorsed that analysis. Because Ingeniador's complaint satisfies Form 18, I must therefore dismiss The Lord's Co.'s motion to dismiss for failure to state a claim.

### III. Conclusion

For all of the reasons stated above, The Lord's Co.'s motion to dismiss for lack of personal jurisdiction and for failure to state a claim, Docket No. 33, is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of October, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE