75525-7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INGENIADORA, LLC | * CASE NO. 13-cv-01655 (SCC) |
| | * |
| Plaintiff, | * PLAINTIFFS DEMAND |
| | * TRIAL BY JURY |
| v. | * |
| | * |
| THE LORD'S COMPANY OF ORLANDO d/b/a | * |
| KELLYCO, KELLYCO DETECTORS, | * |
| KELLYCO METAL DETECTORS, and | * |
| KELLYCO METAL DETECTOR | * |
| SUPERSTORE | * |
| | * |
| Defendats | * |
| | * |

## ANSWER TO AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, Defendant The Lord's Company of Orlando ("Kellyco" or "Defendant"), by and through undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff Ingeniador, LLC's ("Ingeniador" or "Plaintiff") Amended Complaint for Infringement of Patent **[D.E. 16]** and further states:

### I. NATURE OF ACTION[1]

1.      Defendant admits that what purports to be a copy of U.S. Patent No. 7,895,127 (the "'127 Patent") was attached to Plaintiff's Amended Complaint as Exhibit A and that Exhibit A speaks for itself. Defendant denies that the patent was duly or legally issued, and the

---

[1] Defendant is using the same headings contained in Plaintiff's Amended Complaint for ease of deference but this in no way should be construed to mean that Defendant admits to any of the substance, allegations, and/or characterizations of the headings. Defendant specifically denies that any infringement has taken place, that the '127 Patent is valid and enforceable, or that Plaintiff is entitled to any relief demanded in its Amended Complaint.

1

remaining averments, allegations, characterizations, and legal conclusions contained in Paragraph 1 are denied.

## II.  THE PARTIES

2. The Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 2 and therefore denies same.

3. The Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 3 and therefore denies same.

4. Defendant admits only that it is a corporation organized under the laws of the state of Florida, with a principal place of business at 1085 Belle Ave, Winter Springs, Florida 32708, and that its registered agent is Stephen R. Looney.

5. Defendant admits it is both a brick and mortar and internet retailer of metal detectors and owns and operates the websites listed. Defendant also admits that individuals have the ability to post ratings and reviews of products listed on its website and that there is a sorting function for those reviews. Any other allegations, characterizations, and legal conclusions contained in Paragraph 5 are denied.

6. Admitted, although it is properly spelled Stu Auerbach.

7. Admitted.

## III.  JURISDICTION AND VENUE

8. Admitted for jurisdictional purposes only.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Defendant admits only that it has made *de minimus* sales to customers in Puerto Rico. Any other allegations, characterizations, and legal conclusions contained in Paragraph 11 are denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

## V. FACTUAL ALLEGATIONS

### *The '127 patent*

14. Paragraph 14 is denied.

15. The Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 15 and therefore deny same.

16. Paragraph 16 is denied.

17. The Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 17 and therefore deny same.

18. Paragraph 18 is denied. The '127 Patent speaks for itself.

19. Paragraph 19 is denied. The '127 Patent speaks for itself.

20. Paragraph 20 is denied. The '127 Patent speaks for itself.

21. Paragraph 21 is denied. The '127 Patent speaks for itself.

22. Paragraph 22 is denied. The '127 Patent speaks for itself.

23. Paragraph 23 is denied. The '127 Patent speaks for itself.

24. Paragraph 24 is denied. The '127 Patent speaks for itself.

CASE NO. 13-cv-01655-SCC

## *Defendant's Infringement of the '127 Patent*

25.     Defendant admits that it owns and operates the website listed in Paragraph 25 (hereinafter referred to as the "Exemplary Website" consistent with the Amended Complaint) and individuals may purchase metal detectors through the website; the Exemplary Website speaks for itself.  Any other allegations, characterizations, and legal conclusions contained in Paragraph 25 are denied.

26.     Defendant admits it owns and operates the Exemplary Website and it speaks for itself.  Any other allegations, characterizations, and legal conclusions contained in Paragraph 26 are denied.

27.     Defendant admits it owns and operates the Exemplary Website and it speaks for itself.  Any other allegations, characterizations, and legal conclusions contained in Paragraph 27 are denied.

28.     Defendant admits it owns and operates the Exemplary Website and it speaks for itself.  Any other allegations, characterizations, and legal conclusions contained in Paragraph 28 are denied.

29.     Defendant admits it owns and operates the Exemplary Website and it speaks for itself.  Any other allegations, characterizations, and legal conclusions contained in Paragraph 29 are denied.

30.     Defendant admits it owns and operates the Exemplary Website and it speaks for itself.  Any other allegations, characterizations, and legal conclusions contained in Paragraph 30 are denied.

31. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 31 are denied.

32. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 32 are denied.

33. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 33 are denied.

34. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 34 are denied.

35. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 35 are denied.

36. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 36 are denied.

37. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 37 are denied.

38. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 38 are denied.

39. Defendant admits it owns and operates the Exemplary Website and it speaks for itself. Any other allegations, characterizations, and legal conclusions contained in Paragraph 39 are denied.

## **DIRECT INFRINGEMENT**

40. Paragraph 40 of the Amended Complaint does not contain any allegations, and therefore no response is required. Defendant incorporates its responses to Paragraphs 1 through 39 by reference as if fully set forth herein.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

## **V.  DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury of any and all causes of action so triable.

## VI.  PRAYER FOR RELIEF

The Defendants deny that Plaintiff is entitled to the relief stated in the *ad damnum* clause following Paragraph 48 and the demand for trial by jury.

\*     \*     \*

To the extent the Amended Complaint demands judgment, damages, or any other relief, Defendant denies that Plaintiff is entitled to relief in this action.

Any allegations, claims, characterizations, statements, and/or legal conclusions contained in Plaintiff's Amended Complaint that have not been expressly admitted nor denied by Defendant are hereby expressly denied and strict proof demanded thereof.

\*     \*     \*

## AFFIRMATIVE DEFENSES

Further answering the Amended Complaint and as additional defenses hereto, Defendant asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant and venue is improper in the District of Puerto Rico.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, and therefore this case should be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

The claims of the '127 Patent are invalid on its face as it purports to patent a patent-ineligible abstract idea and is therefore invalid pursuant to *Alice Corp. v. CLS Bank Int'l*, 134 S.Ct. 2347 (2014), *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 132 S.Ct. 1269 (2012), and *Bilski v. Kappos*, 130 S.Ct. 3218 (2010), among others.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendants do not, and have not, infringed any valid and enforceable claim of the '127 Patent, directly or indirectly, literally or under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '127 Patent are unenforceable due to unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of the '127 Patent as properly construed are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101 et seq., including, without limitation, the conditions of patentability set forth in §§ 101, 102, 103, 111, 112, 115 and/or 116.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendants expressly adopt and assert all defenses contained in 35 U.S.C. § 282(b).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from enforcing the '127 Patent against Defendant under the doctrines of waiver, laches, and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from enforcing the '127 Patent against Defendants under the doctrine of prosecution history estoppel.

CASE NO. 13-cv-01655-SCC

### TENTH AFFIRMATIVE DEFENSE

Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the asserted claims of the '127 Patent.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages, if any, against Defendants for alleged infringement of the '127 Patent are limited by 35 U.S.C. §§ 286, 287, and 288.

### TWELFTH AFFIRMATIVE DEFENSE

The owner of the '127 Patent has dedicated to the public all methods, apparatus, and products disclosed in the '127 Patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, or products.

### THIRTEENTH AFFIRMATIVE DEFENSE

This case is exceptional against Plaintiff under 35 U.S.C. § 285 and Defendant is entitled to an award of reasonable attorneys' fees and costs should it prevail.

### FOURTEENTH AFFIRMATIVE DEFENSE – RESERVATION OF DEFENSES

Defendants intend to rely on such other defenses that may become available or apparent through the course of discovery in this case. Defendants expressly reserve the right to amend t

### PRAYER

WHEREFORE, Defendant prays that this Honorable Court dismiss the captioned complaint and impose upon plaintiff the payment of costs, disbursement and attorneys' fees and a finding that this is an exceptional case against Plaintiff pursuant to 35 U.S.C. § 285, and such

CASE NO. 13-cv-01655-SCC

other relief, both general and special, as to which it may show itself justly entitled in law or equity.

RESPECTFULLY SUBMITTED.

CERTIFICATION: I hereby certify that on this same date the present motion was filed with the Clerk of the Court using the CM/ECF system, which will automatically send the corresponding notification to counsel for plaintiff, Eugenio J. Torres-Oyola.

In San Juan, Puerto Rico, this 7th day of November, 2014.

 /s/ Keith A. Graffam
Keith A. Graffam
USDC-PR 202702

**GRAFFAM & BIAGGI**
*Attorney for The Lord's Company of Orlando*
420 Ponce de Leon Ave., Suite 309
San Juan, Puerto Rico 00918-3403
Tel. (787) 764-7585
Fax (787) 753-6169
E-Mail: kgraffam@gblawpr.com
         graffambiaggi@microjuris.com


Jordan S. Cohen, Esq.
Florida Bar No. 551872
*Pro Hac Vice*
**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
*Attorney for The Lord's Company of Orlando*
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353
JCohen@wickersmith.com